NO. 07-08-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 31, 2009

_____

SHELDON KEITH CRAIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54073-A; HON. HAL MINER, PRESIDING

_____

***DISSENT***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I respectfully dissent from the majority's opinion.

Per the record, Officer Griffin testified that appellant

was walking in the roadway and originally caught my eye. And when I observed him walking and after seeing me, he - - he looked back and what I could remember was grabbing at his waist.

He further acknowledged that appellant was doing nothing that could be construed as criminal at the time. When the officer eventually returned to the location, appellant was found near or in the front yard of a house. And, though he admittedly saw nothing that he could categorize as criminal activity, the officer stopped his patrol car, "spotlighted" appellant, and told him to "come over here and talk to me." In response, appellant purportedly looked back and stopped after taking several more steps. And, as that occurred, the officer exited his patrol car and approached appellant.

Missing from the phrase "come over here and talk to me" are words of contingency or option. That is, they are not a mere solicitation of cooperation. Nor do they extend any choice, explicit or implicit. Rather, they are mandatory: "come over here and talk to me." I would dare say that any parent who uttered those words only to have his or her child walk away would not reasonably construe the child's response as acceptable. And, we do not have a mere parent here but rather a police officer in his marked car shining his spotlight on his quarry in the middle of the night. Together, those indicia fall short of suggesting that a reasonable person under the same circumstances would find it permissible to ignore the officer and leave.

Moreover, I see no difference between an officer shining his spotlight upon someone and directing him to "come over here" and an officer engaging his emergency lights when attempting to stop a vehicle. Both serve to announce the officer's presence and carry with them an implicit command. And, for that reason our opinion in *Hudson v. State*, 247 S.W.3d 780 (Tex. App.–Amarillo 2008, no pet.), is especially informative. There, we held that "when a person stops in response to a patrol car's emergency lights

rather than of his own accord, an investigatory detention has occurred," which stop required the presence of "reasonable suspicion." *Id.* at 784.

Thus, the uncontested evidence of record depicting the stop evinced no mere encounter but rather a detention. And, because walking down a residential street at night, though the area may be one wherein burglaries may have occurred at one time or another in the past, fails to give rise to a reasonable belief that crime is afoot, *Davis v. State*, 61 S.W.3d 94, 98 (Tex. App.–Amarillo 2001, no pet.), even if the individual tugs on his waistband. I would hold, as a matter of law, not only that the detention was illegal but also that the motion to suppress should have been granted.


                                        Brian Quinn
                                        Chief Justice

Publish.